UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ALEJANDRO ABELES,

                         **Plaintiff/**
        **Counterclaim Defendant,**

      - against -

MICHAEL WOLK,

                        **Defendant/**
        **Counterclaim Plaintiff.**
_____

                  22-cv-1244 (JGK)

             **MEMORANDUM OPINION**
                **AND ORDER**

**JOHN G. KOELTL, District Judge:**

The plaintiff, Alejandro Abeles, has moved to remand this action to the New York State Supreme Court, New York County. Abeles is the defendant in the underlying state court action, which was commenced in January 2017. Michael Wolk, the defendant in this Court, was a third-party defendant in the state court action, but Wolk is no longer a party to the state court action as a result of an August 2017 stipulation of discontinuance.[1]

In January 2022, Abeles moved by order to show cause in state court to hold Wolk in contempt for an alleged failure to comply with certain court orders. At that point Wolk was not a party to the state court litigation, having previously entered into the stipulation of discontinuance. Abeles and Wolk dispute the ownership of money in an attorney trust account that is

_____

[1] Law Offices of Michael B. Wolk, P.C. was a plaintiff in the state court action and Michael Wolk was a third-party defendant, but Wolk and his law firm entered into a stipulation of discontinuance in August 2017. See Partial Stipulation of Discontinuance with Prejudice, ECF No. 14.

currently controlled by Wolk. Wolk filed a notice of removal on February 14, 2022. Abeles filed a motion to remand this action to state court on April 1, 2022.

I.

28 U.S.C. § 1441(a) provides that, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[2] "The burden of establishing that a case is within the federal court's removal jurisdiction is on the removing defendant." Estate of Kelly v. Gagliano, No. 13-cv-6077, 2014 WL 950050, at *2 (E.D.N.Y. Mar. 11, 2014). Wolk argues that this action is removable on the basis of diversity of citizenship jurisdiction. See 28 U.S.C. § 1332.

Abeles makes several arguments in his motion to remand. First, Abeles argues that Wolk cannot properly remove this action because Wolk is not a defendant in the underlying state court action. Second, Abeles argues that Wolk's notice of removal was not timely under 28 U.S.C. § 1446(b)(1), (c)(1). Third, Abeles argues that the amount in controversy in this

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

action does not exceed $75,000, as required by 28 U.S.C. § 1332.
Fourth and finally, Abeles argues that removal is improper
because Wolk failed to establish that all defendants in the
underlying action consented to removal.

Wolk argues that "the non-party contempt motion was
properly removed," ECF No. 13, at 5 (capitalizations omitted),
because complete diversity exists between Wolk and Abeles and
the amount in controversy exceeds $75,000. Wolk also argues that
Abeles waived all of Abeles's non-jurisdictional objections to
removal because Abeles's motion to remand was not timely under
28 U.S.C. § 1447(c).

## II.

28 U.S.C. § 1441(a) provides that "any civil action" may be
removed if a federal district court has original jurisdiction
over that action, "[e]xcept as otherwise expressly provided by
Act of Congress" (emphasis added). Wolk argues that the non-
party contempt motion was properly removed. However, because the
non-party contempt motion is "'merely auxiliary' to the original
proceeding in [the State Supreme Court], it may not be removed
as a separate civil action under § 1441." Estate of Kelly, 2014
WL 950050, at *4 (quoting First Nat'l Bank v. Turnbull & Co., 83
U.S. 190, 195 (1872); see also Armistead v. C & M Transp.,
Inc., 49 F.3d 43, 46 (1st Cir. 1995) ("supplementary superior
court proceeding does not independently qualify as a removable

'civil action' under 28 U.S.C. § 1441(a)"); <u>Fox & Horan v.</u> <u>Beiny</u>, No. 92-cv-2067, 1992 WL 168261, at *1 (S.D.N.Y. June 29, 1992) (same); <u>Deaton v. Johnson</u>, No. 20-cv-78, 2020 WL 4673834, at *5-7 (D.R.I. Aug. 12, 2020) (same).[3] The non-party contempt motion here is plainly incidental to the underlying state court action: the motion is premised on Wolk's failure to comply with court orders issued as part of the underlying action, and the motion bears the same docket number and caption as the underlying action. <u>See</u> Affirmation in Support of Application for Order to Show Cause, ECF No. 1-2. Wolk was not a party to the state court action when the contempt motion was brought against him. Accordingly, the non-party contempt motion is not a removable civil action under 28 U.S.C. § 1441 and the Court lacks jurisdiction over this action. The Court need not consider Abeles's remaining arguments in support of remand or whether any of those arguments were waived under 28 U.S.C. § 1447(c).

### CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the reasons explained above, Abeles's motion to remand is **granted**. The Clerk is directed to **remand** this action to the New York State Supreme

---

[3] <u>Cf.</u> <u>Kuznar v. Kuznar</u>, 775 F.3d 892, 895 (7th Cir. 2015) ("Motions aren't removable; the removal statute permits the removal of 'civil actions.'").

Court, New York County. The Clerk is also directed to close all

pending motions and to close this case.

**SO ORDERED.**

Dated:      New York, New York
            May 16, 2022

                                              John G. Koeltl
                                     **United States District Judge**