UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

ALEJANDRO ABELES,

                          Plaintiff/
              Counterclaim Defendant,

         - against -

MICHAEL WOLK,

                          Defendant/
              Counterclaim Plaintiff.

———————————————————————

22-cv-1244 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    The motion for a stay of the Remand Order in this case is

**denied.** Any appeal of the Remand Order would not be taken in

good faith. The Court plainly stated, twice, that the Court

lacks subject matter jurisdiction over this action. See ECF No.

15, at 4; ECF No. 17, at 1-2. 28 U.S.C. § 1441(a) provides:

"Except as otherwise expressly provided by Act of Congress, any

civil action brought in a State court of which the district

courts of the United States have original jurisdiction, may be

removed by the defendant or the defendants, to the district

court of the United States for the district and division

embracing the place where such action is pending." The only

basis for subject matter jurisdiction invoked by Wolk is

diversity of citizenship jurisdiction, 28 U.S.C. § 1332. Section

1332(a) provides, in turn, "The district courts shall have

original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and [there is complete diversity of citizenship between the parties]." The Court held that the non-party contempt motion that Wolk removed is not a civil action. See ECF No. 15, at 4; ECF No. 17, at 1. Because the Court's Remand Order was based on 28 U.S.C. § 1447(c) — the Court's lack of subject matter jurisdiction — the Remand Order "is not reviewable on appeal or otherwise." Id. § 1447(d); see In re WTC Disaster Site, 414 F.3d 352, 364 (2d Cir. 2005) ("It remains well established . . . that if the remand was premised on a flaw encompassed by § 1447(c)— i.e., a defect in the removal procedure or the absence of subject matter jurisdiction—§ 1447(d) makes the remand unreviewable[.]").

The motion for a stay is **denied**. The Clerk is directed to close Docket No. 19.

**SO ORDERED.**

Dated:      **New York, New York**
            **May 20, 2022**

                                    _____
                                         John G. Koeltl
                                    United States District Judge

2